UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, *et al.*, | |
| Plaintiffs, | Civil Action No. 22-2629 |
| v. | Chief Judge Beryl A. Howell |
| ANTONY BLINKEN, *U.S. Secretary of State, et al.*, | |
| Defendants. | |

**MEMORANDUM AND ORDER**

Plaintiffs are a "refugee[] who fled Iraq in 2016 and [was] resettled in the United States" along with her two minor children. Compl. ¶ 1, ECF No. 1. While the two plaintiffs who are minor children may automatically proceed in this case using only their initials, *see* FED. R. CIV. P. 5.2(a)(3), their mother, plaintiff Jane Doe, has moved to proceed under pseudonym in the instant suit challenging the failure of United States Citizenship and Immigration Services ("USCIS") "to adjudicate their applications for Refugee Travel Documents, despite accepting their I-131 applications," and receiving numerous "requests to expedite processing," Pl.'s Mot. for Leave to Proceed Under Pseudonym and File A Declaration Under Seal ("Pl.'s Mot.") at 2, ECF No. 2. Plaintiff Jane Doe seeks to shield her identity, and "to file her declaration under seal," in order to "avoid further violent assaults and retaliation against herself and her family," *id.* at 3, by an Iraqi militia "known to her as the Mahdi Army," *id.* at 2. For the reasons set forth below, plaintiff's motion is granted, subject

1

to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

## I. BACKGROUND

Plaintiff Jane Doe is "an Iraqi national currently residing in Iraq" whose "father worked on behalf of the United States in Iraq as a translator" before he was "murdered by [a] local militia" in 2006. Pl.'s Mot., Ex. A., Decl. of Jane Doe ("Doe Decl.") ¶¶ 1, 3, ECF No. 2-2.[2] Due to her father's work, the militia has continued to threaten her and her family, causing them to apply "for refugee resettlement in the United States." *Id.* ¶ 3. This request was approved, and in 2016, plaintiff and her two children arrived in the United States, without her husband, who "stayed in Iraq because he had received a deferral letter" and eventually had "his application . . declined." *Id.* Later that same year, however, after her "husband received a death threat from . . . the Mahdi Army," plaintiff became "terrified for the safety of [her] husband" and flew back to Iraq to be with him, *id.* ¶ 5, although she "planned for the trip to be temporary and intended to return to the United States with [her] children," *id.* ¶ 6. Less than a month after returning to Iraq, she began the process of attempting to return to the United States, but five years later, still has been unable to do so. *See id.* Plaintiff seeks to proceed under pseudonym in the instant suit, challenging the delay in USCIS's adjudication of her and her children's applications, *see* Compl. ¶¶ 1–6, because she and her family "are receiving more threats from the Mahdi Army militia, despite [her] attempts to keep a low profile," and because she was assaulted by Mahdi Army members on one occasion since her return, Doe

---

[1] The instant motion has been directly referred to the undersigned Chief Judge for resolution. *See* D.D.C. LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . in any case not already assigned: motion to seal the complaint and motion to file a pseudonymous complaint").

[2] An unredacted version of this declaration is filed under seal. *See* Pl.'s Mot., Ex. A., Doe Decl., ECF No. 2-1 (SEALED).

Decl. ¶¶ 13, 16. She fears proceeding under her own name with this suit will cause her to "be further targeted by the Mahdi Army militia or other insurgents," or "put [her] family at risk of physical harm." *Id.* ¶ 19.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name or other personal information may be redacted to protect privacy by limiting public access. *See, e.g.,* FED. R. CIV. P. 5.2 (a) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

For good cause, a party may be permitted to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the

4

five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

In addressing motions to file under seal records filed in a case, "[t]he starting point . . . is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). Courts consider six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), in determining whether the strong presumption in favor of public access is overcome to remove the filing from public access.[3] When, however, a plaintiff initiating a lawsuit moves to file portions of a case under seal simultaneously with the filing of the complaint, the motion is more akin to a request to proceed under a pseudonym, triggering the *James* test. In both contexts, plaintiffs are seeking to conceal their identities from the public and thus the same interests are at stake.

---

[3] Those factors are:
(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)).

**III.     DISCUSSION**

At this early stage of the litigation, this Court is persuaded that plaintiff has met her burden of showing that her privacy and security interests outweigh the public's presumptive and substantial interest in knowing her identity and the details set out in her declaration, which she seeks to maintain under seal.  The public's interest in plaintiff's identity is *de minimis* compared to the significant privacy and security interests of plaintiff Jane Doe, who reasonably fears that proceeding under her real name would expose her to "further violent assaults and retaliation against herself and her family" by militia members who have harmed them in the past and promised to do so again.  Pl.'s Mot. at 3.

First, as the description of plaintiffs' claims makes clear, plaintiff Jane Doe does not seek to proceed under pseudonym "merely to avoid . . . annoyance and criticism," but to "preserve privacy" and security in a matter that is "sensitive" and potentially dangerous.  *In re Sealed Case*, 931 F.3d at 97.  She explains that "[i]dentification in the present lawsuit will draw further attention to [herself] and reveal sensitive details regarding the nature of her family's relationship with the U.S., her whereabouts and those of her minor children," all of whom are presently located in Iraq.  Pl.'s Mot. at 6.  These concerns plainly amount to a reasonable fear of serious danger rising beyond mere "annoyance and criticism," *In re Sealed Case*, 931 F.3d at 97,  and the first *James* factor therefore weighs strongly in favor of permitting her to proceed under pseudonym.  *See* Mem. Order, *Afghan and Iraqi Allies Under Serious Threat Because of their Faithful Service to the United States v. Pompeo*, No. 18-cv-1388 (TSC) (D.D.C. June 12, 2018) at 1–2, ECF No. 7 (granting pseudonymity to Afghan and Iraqi plaintiffs who were experiencing persecution in their home countries "as a result of their service" to the U.S. government as contractors).

Second, and relatedly, plaintiff has sufficiently alleged that disclosure of her identity "poses a risk of retaliatory physical or mental harm to the requesting party." *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Plaintiff references numerous instances of the militia group that killed her father targeting herself and other members of her family. *See* Doe Decl. ¶¶ 3, 5, 13–16. This concern plainly represents a serious "risk of retaliatory physical . . . harm," *In re Sealed Case*, 931 F.3d at 97, such that the second factor also weighs strongly in favor of granting plaintiff's motion.

The third *James* factor also weighs in favor of granting plaintiff's motion, as the suit implicates the interests of her two minor children, who are included as plaintiffs, and whose safety would be put at risk if plaintiff's identity became public knowledge—as would their pseudonymity, which is granted to them as a matter of right under FED. R. CIV. P. 5.2(a)(3) and D.D.C. LCvR 5.4(f)(2).

The fourth *James* factor, however, weighs slightly against granting plaintiff's motion, as the suit is "against a governmental" rather than "private party," *In re Sealed Case*, 931 F.3d at 97, and "there is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329; *see also id.* (describing the public interest as "particularly great" where regulated entity sued government agency regarding "special exemptions" from statutory obligations).

Finally, defendants would suffer no "risk of unfairness" if plaintiff's motion were granted. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Allowing plaintiff to proceed under pseudonym will have no impact on any private rights, as defendants are all government officers sued in their official capacity. *See* Compl. at 1. Plaintiff has provided her necessary identifying information to the Court and defendants in her sealed

declaration, and therefore allowing plaintiff to proceed anonymously will not compromise defendants' ability to defend this action.

In sum, weighed against the minimal apparent interest in disclosure, plaintiff's significant and "legitimate interest in anonymity" at this early stage in the litigation is more than sufficient to overcome "countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 97; *see also Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

For the same reasons discussed above, plaintiff's request to file a redacted version of the declaration accompanying her motion on the public docket, and an unredacted version under seal is also granted.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion for Leave to Proceed Under Pseudonym and to File a Declaration Under Seal, ECF No. 2, is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that plaintiff may proceed with the case using the pseudonym "Jane Doe"; it is further

**ORDERED** that defendants are prohibited from publicly disclosing plaintiff's identity or any personal identifying information that could lead to the identification of plaintiffs by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response; it is further

**ORDERED** that plaintiff's Motion for Leave to Proceed Under Pseudonym and to File a Declaration Under Seal, ECF No. 2, and accompanying unredacted declaration, ECF No. 2-1, shall remain under seal; it is further

**ORDERED** that plaintiff must file, by **September 8, 2022**, the Motion for Leave to Proceed Under Pseudonym and to File a Declaration Under Seal on the public docket with sensitive information redacted, as well as the redacted declaration currently docketed as an exhibit to plaintiff's sealed motion, ECF No. 2-2; and it is further

**ORDERED** that the Clerk of the Court shall randomly assign this matter to a United States District Court Judge for further proceedings.

**SO ORDERED.**

Date: September 1, 2022

_____
BERYL A. HOWELL
Chief Judge